## SPUSTA v BERNOW et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9103.  Decided Jan 14, 1929

F. J. Kmiecik, Cleveland, for Spusta.

McConnell, Blackmore & Cory, Cleveland, for Bernow.

Middleton, PJ and Mauck, J of the 4th Dist and Farr, J of the 7th Dist sitting.

## MIDDLETON, PJ

It is clear from the plaintiff's own evidence, that he did not see the taxicab at all and knew nothing of its approach until he was struck. The only remaining eye witness to the accident was one Peter Golab. This witness was called by the plaintiff and testified that he was coming up Auburn Street and noticed a man standing on the corner. This man proved to be the plaintiff. The witness said that a taxicab went past him travelling at about thirty miles per hour or more. He heard the brakes squeak and turned around, and saw the man going through the air.

This witness further testified that he saw the taxicab in question, some two or three blocks distant. His testimony in that particular is as follows:

Q. "You first noticed this cab two or three blocks?"

A. "I was watching it because I was going to cross the street myself."

Q. "You were going to cross the street yourself, so you watched this particular cab?"

There is nothing in the evidence to show that the crossing taken by the plaintiff was controlled by any signals of any kind and it follows that he had no right of way across the street, but that it was necessary for him to observe what was approaching in the way of traffic from both sides of the crossing. He testified he could not see the taxicab. He does not explain in any way or manner why he could not see that machine as it approached. He calls another witness who testified that he was in the immediate vicinity of where the plaintiff was when he started across the street and he, the witness, saw the taxicab coming some two or three blocks away and that he was watching it because he intended to cross the street himself.

In the absence of any further explanation by plaintiff, in respect to his failure to see the taxicab, and in view of the positive evidence of his own witness, that the taxicab could be seen and seen for some distance away, it seems to us that the failure of the plaintiff to know of the approach of this taxicab under all these facts, raises a presumption of contributory negligence on his part.

The testimony of Golab, we think furnishes a concrete example of the case of a reasonably prudent person under the conditions surrounding the plaintiff at the time he was injured. It is clear from Golab's testimony that he saw the approach of the taxicab and was fully advised of his surroundings.

Mauck and Farr, JJ, concur.